UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GABRIEL VELEZ, and GILBERT VELEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>MEDRITE, LLC, and STAFFING BOUTIQUE, INC.,<br><br>Defendants. | No. 24-cv-02707 (GHW) (SN)<br><br>**ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN FURTHER SUPPORT
OF DEFENDANTS' MOTION TO DISMISS**

 

**HERRICK, FEINSTEIN LLP**

K. Heather Robinson
Gabrielle R. Fromer
Two Park Avenue
New York, New York 10016
(212) 592-1400
hrobinson@herrick.com
gfromer@herrick.com
*Attorneys for Defendants Medrite, LLC
and Staffing Boutique, Inc.*

**TABLE OF CONTENTS**

**PAGE NO(S).**

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ......................................................................................................................... 1

    I.     GABRIEL'S CLAIMS SHOULD BE DISMISSED ............................................. 1

    II.    GILBERT'S FLSA OVERTIME AND PARALLEL NYLL CLAIM SHOULD BE DISMISSED ...................................................................................... 2

    III.   THE COURT SHOULD DISMISS THE NYLL WAGE STATEMENT AND BI-WEEKLY PAY CLAIMS FOR LACK OF ARTICLE III STANDING AND FAILURE TO STATE A CLAIM ........................................... 3

    IV.   THE COURT SHOULD STRIKE OR DISMISS THE COLLECTIVE AND PARALLEL CLASS CLAIMS ................................................................... 5

    V.    THE COURT SHOULD DISMISS THE INDIVIDUAL AND CLASS BI-WEEKLY PAY CLAIMS UNDER 28 U.S.C. § 1367(a) or § 1367(c)(1), (c)(2) or (c)(4) ..................................................................................................... 7

    VI.   THE COURT SHOULD STAY PROCEEDINGS ............................................... 9

    VII.  THE COURT SHOULD STRIKE LEGAL ARGUMENT AND REQUIRE A MORE DEFINITE STATEMENT OF CLAIM

CONCLUSION ................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**PAGE NO(S).**

## **Federal Cases**

*Abuladze v. Apple Computer Inc.*, 2024 WL 1073121 (S.D.N.Y. Jan. 23, 2024) ..........................7

*Acosta v. Lorelai Events Group, Inc.*, 2022 WL 195514 (S.D.N.Y. Jan. 21, 2022).......................4

*Arciello v. Cnty. of Nassau*, 2019 WL 4575145 (E.D.N.Y. Sept. 20, 2019) ..................................4

*Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77 (2d Cir. 2018) ......................................8, 9

*Galante v. Watermark Servs., IV LLC*, 2024 WL 989704 (W.D.N.Y. Mar. 7, 2024) .....................4

*Georgiou v. Harmon Stores*, 2023 WL 112805 (E.D.N.Y. Oct. 20, 2022) .....................................5

*Guthrie v. Rainbow Fencing, Inc.*, 113 F.4th 300 (2d Cir. 2024)................................................3, 4

*Harris v. Old Navy, LLC*, 2022 WL 16941712 (S.D.N.Y. Nov. 15, 2022) .....................................4

*Hughes v. Getronics Wang LLC*, 1:07-cv-10356 (S.D.N.Y.) .........................................................7

*Hussain v. Pakistan Int'l Airlines Corp.*, 2021 WL 5289541 (E.D.N.Y. Oct. 23, 2012) ................4

*Jennings v. Rodriguez*, 583 U.S. 281 (2018) .................................................................................5

*Johnson v. U.S.*, 576 U.S. 591 (2015)............................................................................................5

*Khalili v. Comerica Bank*, 2011 WL 2445870, at *2 (N.D. Cal. June 16, 2011) ...........................6

*Lock v. Costco Wholesale Corp.*, 2024 WL 4728594 (E.D.N.Y. Nov. 8, 2024) ............................4

*Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106 (2d Cir. 2013) .........................2

*Nakahata v. New York Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192 (2d Cir. 2013) ..............2

*Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147 (2d Cir.2003)................................................................................................7

*PFT of Am., Inc. v. Tradewell, Inc.*, 1999 WL 179358 (S.D.N.Y. Mar. 31, 1999) .........................7

*Pineda v. Big City Realty Mgmt., LLC*, 2024 WL 5146068 (E.D.N.Y. Dec. 17, 2024) ............9, 10

*Pozo v. BlueMercury, Inc.*, 2023 WL 4980217 (S.D.N.Y. Aug. 3, 2023).......................................4

*Quintanilla v. Kabo Pharm., Inc.,* No. 19-cv-6752 (E.D.N.Y. June 30, 2020) ..............................4

*Rogers v. City of Troy, N.Y.*, 148 F.3d 52 (2d Cir. 1998) ...............................................................2

*Roma v. David Carmili, Physician, P.C.,* 2024 WL 5152211 (E.D.N.Y. Dec. 18, 2024)...............8

*Sampson v. MediSys Health Network, Inc.*, 2012 WL 3027850 (E.D.N.Y. Feb. 9, 2012) ..............6

*Shahriar v. Smith & Wollensky Restaurant Group, Inc.*, 659 F.3d 234 (2d Cir. 2011)...................8

*Zhong v. Aug. Corp.*, 498 F. Supp. 2d 625 (S.D.N.Y. 2007).......................................................6, 7

## State Cases

*Grant v. Global Aircraft Dispatch Inc.*, 204 N.Y.S.3d 117 (2d Dep't 2024) .....................4, 5, 9, 10

*Konkur v. Utica Academy of Science Charter School*, 38 N.Y.3d 38 (2022)..................................5

*State v. Donald DD*, 24 N.Y.3d 174 (2014)....................................................................................5

## Statutes

28 U.S.C. § 1367(a) ........................................................................................................................7

28 U.S.C. § 1367(c)(1)..............................................................................................................7, 8, 9

28 U.S.C. § 1367(c)(2)..............................................................................................................7, 8, 9

28 U.S.C. § 1367(c)(3).....................................................................................................................8

28 U.S.C. § 1367(c)(4)..............................................................................................................7, 8, 9

29 U.S.C. § 206................................................................................................................................2

29 U.S.C. § 207................................................................................................................................2

29 CFR § 778.106............................................................................................................................2

## Rules

Fed. R. Civ. P. 23........................................................................................................................6, 9

Rule 23(a).........................................................................................................................................6

**PRELIMINARY STATEMENT**

Defendants[1] explained in their Moving Brief why the Court should enter an order: (1) dismissing all of Gabriel's FLSA claims and Gilbert's overtime FLSA claim for failure to state a claim, with the concomitant dismissal of related state law claims (or alternatively requiring a more definite statement of claims); (2) dismissing the wage statement claim for lack of standing; (3) dismissing the bi-weekly pay claim for lack of standing, failure to state a claim, and issues of subject matter jurisdiction (or alternatively staying proceedings to the extent bi-weekly claims remain); (4) dismissing and/or striking all collective and class allegations; and (5) striking all legal argument contained in any portions of the SAC that survive.

In opposition, Plaintiffs fail to provide any authority sufficient to defeat Defendants' motion. For the reasons set forth in the Moving Brief, and the arguments set forth below, Defendants should be granted the relief requested. Moreover, and given that Plaintiffs have now had three opportunities to plead, any claims that are dismissed should be dismissed with prejudice.

**ARGUMENT**

**I.     GABRIEL'S CLAIMS SHOULD BE DISMISSED**

The claims pled by Gabriel Velez should be dismissed. In the SAC, Gabriel seeks to plead claims against Defendants for violation of the FLSA's minimum wage (Count I) and overtime (Count II) provisions. Defendants have explained why these claims fail [Mov. Br. 7-10], including because no unpaid overtime is alleged, and Gabriel has not pled any facts to support a claim that the wages paid to him during any pay period fell below the federal minimum wage. Gabriel does not deny these deficiencies. Instead, he pivots, and argues that notwithstanding these deficiencies, he has pled a violation of the FLSA's prompt payment requirement. [Opp. Br. 4-5]. There is no

---

[1] Capitalized terms have the same meaning attributed to them in the Moving Brief ("Mov. Br.").

cause of action pled for violation of any prompt payment requirements of the FLSA. Moreover, the facts alleged do not support any such claim for relief.

The FLSA protects against overtime violations. 29 U.S.C. § 207. The FLSA also requires the payment of a federal minimum wage. 29 U.S.C. § 206. Read into these provisions is a prompt payment requirement. *See, e.g.,* 29 CFR § 778.106 (addressing prompt payment of overtime wages); *Rogers v. City of Troy, N.Y.*, 148 F.3d 52, (2d Cir. 1998) (addressing prompt payment of minimum wages). However, a prompt payment claim under the FLSA does not lie where the alleged failure of timely payment does not relate to overtime, and is not adequately pled to result in a minimum wage violation, which is the case here. *See, e.g., Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 115-16 (2d Cir. 2013) (the FLSA does not protect gap-time claims); *Nakahata v. New York Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) ("The FLSA is unavailing where wages do not fall below the statutory minimum and hours do not rise above the overtime threshold.").

Gabriel's FLSA claims should be dismissed. And upon dismissal of Gabriel's FLSA claims, and for the reasons stated in Defendant's Moving Brief, the Court should dismiss and/or decline to exercise supplemental jurisdiction over Gabriel's NYLL claims. [Mov. Br. 10-11] (collecting cases). In sum, Gabriel should be dismissed as a plaintiff in this suit, with prejudice.

## II.   GILBERT'S OVERTIME AND PARALLEL NYLL CLAIM SHOULD BE DISMISSED

Like Gabriel, Gilbert seeks to plead claims against Defendants for violation of the FLSA minimum wage (Count I) and overtime (Count II) provisions. In the Moving Brief, Defendants do not argue that Gilbert's minimum wage claim is deficient. [Mov. Br. 7-10]. However, Defendants do argue that Gilbert's overtime claim fails because Gilbert does not articulate in the SAC whether overtime hours, which Gilbert concedes he reported late [SAC Ex. B], were never

paid or simply were paid in accordance with the late reporting [SAC §§ 105-109, Exs. A, B and H]. Gilbert fails to address this argument head-on and simply argues that his allegations are to be taken as true. [Opp. Br. 5-6].

Gilbert's overtime FLSA claim should be dismissed with prejudice. Upon dismissal of same, and for the reasons stated in Defendant's Moving Brief, the Court should also dismiss Gilbert's parallel overtime claim pled under the NYLL. [Mov. Br. 11] (collecting cases).

### III. THE COURT SHOULD DISMISS THE NYLL WAGE STATEMENT AND BI-WEEKLY PAY CLAIMS FOR LACK OF ARTICLE III STANDING AND FAILURE TO STATE A CLAIM

Regardless of the Court's determinations relating to the FLSA overtime, FLSA minimum wage, and the parallel NYLL claims, the Court should dismiss the NYLL wage statement claim (Count VI) and the NYLL bi-weekly pay claim (Count V) for lack of Article III standing and failure to state a claim.

As to the wage statement claim (Count VI), there is no dispute that, in the wake of *Guthrie v. Rainbow Fencing, Inc.,* 113 F.4th 300, 305-311 (2d Cir. 2024), a plaintiff cannot rely on technical violations of the NYLL to state a claim, and must instead "show some causal connection between the lack of accurate notices and the downstream harm." Aside from conclusory assertions, there are no allegations in the SAC that any allegedly inaccurate wage statements caused either Plaintiff injury. Instead, Gabriel admits that he received all remuneration due. And Gilbert admits that he was not harmed by any allegedly inaccurate wage statement – instead he allegedly knew his work hours and payments claimed to be due, and complained about same. [SAC Ex. B]. Count VI should be dismissed. *Guthrie*, 113 F.3d at 305-311, *Lock v. Costco Wholesale Corp.*, 2024 WL 4728594 (E.D.N.Y. Nov. 8, 2024).

3

As to the bi-weekly pay claim, and as anticipated, Plaintiffs argue that the Court should follow *Vega*, not *Grant*. This too is simply wrong.

Prior to *Vega*, New York federal and state courts uniformly held that no private right of action existed to enforce NYLL's pay frequency provisions. *See, e.g., Hussain v. Pakistan Int'l Airlines Corp.*, 2021 WL 5289541, at *3 (E.D.N.Y. Oct. 23, 2012); *Arciello v. Cnty. of Nassau*, 2019 WL 4575145, at *8 (E.D.N.Y. Sept. 20, 2019) (collecting cases). The First Department in *Vega* ignored this consistent history, and concluded that §§ 191 and 198 provide for both an express, and an implied, private cause of action to redress alleged frequency-of-pay violations. While federal courts were thereafter required to follow *Vega*, many did so only while expressing serious doubt as to its reasoning. *Pozo v. BlueMercury, Inc*., 2023 WL 4980217 (S.D.N.Y. Aug. 3, 2023); *Harris v. Old Navy, LLC*, 2022 WL 16941712 (S.D.N.Y. Nov. 15, 2022); *Acosta v. Lorelai Events Group, Inc*., 2022 WL 195514 (S.D.N.Y. Jan. 21, 2022); *Quintanilla v. Kabo Pharm., Inc.,* No. 19-cv-6752 (E.D.N.Y. June 30, 2020) (CM/ECF Doc. 27, entered Nov. 9, 2020). In *Grant*, the Second Department agreed with such doubt, and rejected *Vega*.

*Grant* is better reasoned than *Vega,* is consistent with principals of statutory construction, and is also based on a more thorough analysis of the legislative history surrounding NYLL § 198 (inclusive of the 2009 and 2010 amendments not addressed in *Vega*). *Grant v. Global Aircraft Dispatch Inc.*, 204 N.Y.S.3d 117, 125 (2d Dep't 2024). In *Galante v. Watermark Servs., IV LLC*, 2024 WL 989704, at *9 (W.D.N.Y. Mar. 7, 2024), a case that follows *Grant*, the court took that a step further, explaining that the later 2015 amendments to NYLL § 198 further confirmed the propriety of the Second Department's analysis in *Grant*.

Following *Grant*: (1) promotes historical consistency and predictability (*Johnson v. U.S.*, 576 U.S. 591, 606 (2015); *State v. Donald DD*, 24 N.Y.3d 174, 187 (2014)); (2) comports with the

4

New York DOL's own treatment of pay-frequency claims (*see, e.g.,* NY DOL Complaint Form LS 710 (12/24) at Parts 8 and 4 (distinguishing wage and non-wage ("pay wages on time") pay frequency claims)); and (3) avoids the lurking Due Process and Eighth Amendment Excessive Fines Clause concerns raised by *Vega's* reasoning (*Georgiou v. Harmon Stores*, 2023 WL 112805, at **6-7 (E.D.N.Y. Oct. 20, 2022)).[2]

Separately, the New York Court of Appeals decision in *Konkur v. Utica Academy of Science Charter School* abrogated *Vega* in connection with its finding of an implied right of action. 38 N.Y.3d 38 (2022); *Georgiou,* 2023 WL 112805 at *4; *Grant*, 204 N.Y.S.3d at 125.

Counts V and VI should be dismissed, with prejudice.

### IV. THE COURT SHOULD STRIKE OR DISMISS THE COLLECTIVE AND PARALLEL CLASS CLAIMS

As set forth in the Moving Brief, there are no allegations in the SAC to support collective or class treatment of Counts I, II, III, IV or VI, if any such claims survive, and the collective and class claims pled under these Counts should be dismissed: (1) there are no allegations of any common practice or policy, applicable to any group of similarly situated employees, that violates the FLSA; (2) there are no facts alleged to suggest that any similarly situated employees exist (indeed, Gilbert and Gabriel are not even alleged to be similarly situated to each other); and (3) there are no facts pled to suggest the existence of a class or class claims under Fed. R. Civ. P. 23 class. [Mov. Br. 14-16].[3]

---

[2] Under the canon of constitutional avoidance, a court should construe an ambiguous statute to avoid constitutional problems if a viable alternative interpretation exists. *Jennings v. Rodriguez*, 583 U.S. 281, 286 (2018).

[3] As set forth in Defendants' Moving Brief, dismissal of the *class* bi-weekly pay claim (Count V) is also appropriate for failure to allege facts sufficient to suggest the existence of a class or class claims under Fed. R. Civ. P. 23. [Mov. Br. 22]. Plaintiffs appear to concede this argument.

"[W]here a plaintiff brings an FLSA claim 'for and in behalf of himself . . . and other employees similarly situated,' the complaint should indicate who those other employees are, and allege facts that would entitle them to relief." *Zhong v. Aug. Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007). Plaintiffs must also, at least, "set forth 'a modest factual showing sufficient to demonstrate that they and [other] potential plaintiffs ... were victims of a common policy or plan that violated the law.'" *Id.* at 630. *See also, Khalili v. Comerica Bank*, 2011 W L 2445870, at *2 (N.D. Cal. June 16, 2011) (dismissing inadequately pled FLSA collective claims). In order to avoid dismissal of a class action claim, a plaintiff must similarly set forth facts which touch upon the four prerequisites for a class action under Rule 23(a). *Sampson v. MediSys Health Network, Inc.*, 2012 WL 3027850, *17 (E.D.N.Y. Feb. 9, 2012). None of the foregoing exists in the SAC.

Plaintiffs skirt these issues. *First*, Plaintiffs posit that they have alleged common practices that violate the law, and have demonstrated "central control" over hourly employees through an Employee Handbook [Opp. Br. 8-9]. But neither the SAC nor the Employee Handbook identify any policies or practices that violate the law, set forth facts suggesting that any other employees have similar claims or would be entitled to relief, or set forth facts suggesting the existence of a class or class claims. *Second*, Plaintiffs try (unsuccessfully) to distinguish the vast authority cited by Defendants (with the exception of *Zhong v. August August Corp.,* 498 F. Supp. 2d 625 (S.D.N.Y. 2007)), each of which fully supports the dismissal of the collective and class claims. [Compare Mov. Br. 16 and Opp. Br. 8]. *Third*, Plaintiffs **concede** (as they must) that *Zhong* supports dismissal of the collective and class claims; however, Plaintiffs downplay *Zhong* by arguing that *Zhong* permitted "repleading after finding that plaintiff's failure to reference any common policy was fatal to his class allegations." [Opp. Br. 9].

Enough is enough. Plaintiffs have filed three complaints [Dkt Nos. 1, 21 and 34], have caused Defendants to file two separate motions to dismiss [Dkt Nos. 27 and 36], and still have not – and cannot – articulate a basis to maintain collective or class claims premised upon the uniquely individualized FLSA minimum wage and overtime claims, or the parallel NYLL agreed upon, overtime or wage statement claims, pled in the SAC in Counts I-IV and VI, on behalf of Gabriel or Gilbert. *Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 168 (2d Cir.2003) ("Three bites at the apple is enough.").[4]

As set forth in the Defendants' Moving Brief, the Count I-IV and Count VI collective and class claims are worse than speculative. They are non-existent. They should be stricken and/or dismissed, with prejudice. *Zhong v. August August Corp.*, 498 F. Supp. 2d at 631; *PFT of Am., Inc. v. Tradewell, Inc.*, 1999 WL 179358, at *1 (S.D.N.Y. Mar. 31, 1999).

## V.     THE COURT SHOULD DISMISS THE INDIVIDUAL AND CLASS BI-WEEKLY PAY CLAIMS UNDER 28 U.S.C. § 1367(a) or § 1367(c)(1), (c)(2) or (c)(4)

Defendants have explained that the individual and class bi-weekly pay claims should be dismissed under 28 U.S.C. § 1367(a) for lack of supplemental jurisdiction because the bi-weekly pay claim does not arise under the same nucleus of operative facts as the FSLA minimum wage or overtime claims. [Mov. Br. 17]. Defendants also argue, in the alternative, that even if supplemental jurisdiction were to exist, the Court should decline to exercise supplemental jurisdiction for three reasons: (1) the bi-weekly pay claim raises novel or complex issues of state

---

[4] None of the cases relied upon by Plaintiffs call for a different result. *See, e.g. Hughes v. Getronics Wang LLC*, 1:07-cv-10356 (S.D.N.Y.) (Dkt. 6 First Amended Class Action Complaint) (misclassification case alleging a common policy of not paying overtime to similarly misclassified employees given that employer labeled them to be exempt); *Abuladze v. Apple Computer Inc.*, 2024 WL 1073121, at *19 (S.D.N.Y. Jan. 23, 2024) (alleging that all concierge staff was paid $5 per hour for 12-hour shift work, with no overtime or spread of hours pay for that position); *id.* at *19 (refusing permission to replead where plaintiff had already previously re-pled twice).

7

law; (2) the bi-weekly pay claim (especially as to a purported class) would substantially predominate over any surviving FLSA claim(s); and (3) exceptional circumstances or other compelling reasons exist for declining to exercise supplemental jurisdiction, inclusive of forum shopping.  [Mov Br. 18-21, citing §§ 1367(c)(1), (2) and (4)].

*First*, Plaintiffs argue that supplemental jurisdiction exists under the authority of *Shahriar v. Smith & Wollensky Restaurant Group, Inc.*, 659 F.3d 234 (2d Cir. 2011), *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77 (2d Cir. 2018), and *Roma v. David Carmili, Physician, P.C.*, 2024 WL 5152211 (E.D.N.Y. Dec. 18, 2024).  Not so.

In *Shahriar*, the FLSA and NYLL claims both arose out of the defendants' tip-sharing policy.   659 F.3d at 244-245.   In *Catzin*, there was no dispute as to whether supplemental jurisdiction existed.  At issue was whether, on the eve of trial, a court could decline to exercise supplemental jurisdiction pursuant to § 1367(c)(3) given the parties' decision not to proceed to trial with the FLSA claims because they were duplicative of the NYLL claims. 899 F.3d at 85-86. Finally, *Roma* stands for nothing more than the unremarkable proposition that where the evidence supporting both the FLSA and NYLL claims is the same, and relates to the same rate and method of pay, a finding supplemental jurisdiction is appropriate.  In *Roma*, at issue was gap time and overtime claims (the gap time claims would of course need to be proven to reach overtime).  2024 WL 5152211.

None of these cases suggest that the FLSA claims pled in this matter share any common nucleus of operative facts with Plaintiffs' bi-weekly pay claim.  Moreover, Defendants are not aware of a single case in which a federal court has exercised supplemental jurisdiction over a purported NYLL class where federal jurisdiction was premised on an ***individual*** FLSA claim and ***no FLSA collective was adequately pled***, which is the case here.

8

*Second*, even if the Court were to determine that supplemental jurisdiction exists, it should decline to exercise supplemental jurisdiction under either of §§ 1367(c)(1), (2) or (4). [Mov. Br. 21]. Plaintiffs do not deny that the bi-weekly pay claim (especially as to a purported class) would substantially predominate, or that, under the authority cited by Defendants, that claim should be dismissed pursuant to 28 U.S.C. § 1367(c)(2). [Mov. Br. 19-20]. For this reason alone, the bi-weekly pay claims should be dismissed.

Plaintiffs also do not deny that the bi-weekly pay claims raise complex issues of law given the split between *Vega* and *Grant*. Dismissal is thus appropriate under 28 U.S.C. § 1367(c)(1).

Finally, while Plaintiffs vigorously object to any argument that it is improper to litigate a NYLL class claim under Fed. R. Civ. P. 23, that is not the issue raised. The issue raised is that it is improper to use a meager (at best) individual FLSA claim as a jurisdictional "lynchpin" to gain access to a federal forum for the purpose of litigating a NYLL class claim. *See, e.g. Catzin*, 899 F.3d at 81-82 (it would be improper to strategically allege an FLSA claim to manufacture jurisdiction where the party is really interested in litigating a NYLL claim). Exceptional circumstances further exist because the issue of whether a private right of action exists has come to a clear head, and is likely to be resolved in the near term by the Court of Appeals of the State of New York. [Mov. Br. 21]. If supplemental jurisdiction exists, it should be declined.

## VI. THE COURT SHOULD STAY PROCEEDINGS

If the Court permits any portion of the bi-weekly pay claim (individual our putative class) to advance, the Court should stay proceedings. [Mov Br. 23-24]. Plaintiffs oppose this request. [Opp. Br. 22-25]. But on this issue, the recent opinion published by the Eastern District of New York on December 17, 2024, in *Pineda v. Big City Realty Mgmt., LLC*, 2024 WL 5146068 (E.D.N.Y. Dec. 17, 2024) is instructive. In *Pineda*, the court issued a stay of all further proceeding

on plaintiff's NYLL § 191 claim pending the disposition of the motion for leave to appeal in *Grant*. *Id.* at *13. As the Court carefully articulated, a stay would not diminish plaintiff's potential monetary recovery. Refusing to stay proceedings may seriously prejudice defendant by forcing litigation of a claim that may be moot. The private interests favor a stay, and a stay would promote both comity and the preservation of judicial resources. *See also*, *Espinal v. Sephora USA, Inc.*, 2024 WL 4751279, * n.1 (S.D.N.Y. Nov. 12, 2024) (court would be open to a stay if there stands to be costly discovery that may be obviated were the Circuit to find against a private right of action).

## VII. THE COURT SHOULD STRIKE LEGAL ARGUMENT AND REQUIRE A MORE DEFINITE STATEMENT OF CLAIM

Finally, Defendants provided in the Moving Brief the legal support for striking legal citation and argument from the SAC, and the legal support entitling them to a more definite statement of claim, to the extent any overtime or minimum wage claims survive. [Mov. Br. 22-25]. Plaintiffs do not credibly dispute that it is improper for a complaint to contain legal argument akin to briefing. [Opp. Br. 25]. Nor do Plaintiffs credibly dispute the need for a more definitive statement of claim to the extent any FLSA overtime or minimum wage claims survive. [Opp. Br. 25]. Thus, these requests for relief should be granted in the event any claims survive.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court issue an order (i) dismissing all claims plead in the SAC on behalf of Gabriel; (ii) dismissing the overtime, wage statement, and bi-weekly pay claims plead in the SAC on behalf of Gilbert; (iii) dismissing all collective and class claims; (iv) requiring a more definite statement of claim; and (v) staying proceedings to the extent any bi-weekly pay claims (individual or class) remain.

Dated:  New York, New York

10

January 24, 2025

                        HERRICK, FEINSTEIN LLP

                        By: */s/ K. Heather Robinson*
                            K. Heather Robinson
                            Gabrielle R. Fromer
                            Two Park Avenue
                            New York, New York 10016
                            (212) 592-1400
                            hrobinson@herrick.com
                            gfromer@herrick.com
                            *Attorneys for Defendants Medrite, LLC*
                            *and Staffing Boutique, Inc.*