**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GABRIEL VELEZ, and GILBERT VELEZ, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> -against- <br><br><br> MEDRITE, LLC, and STAFFING BOUTIQUE, INC. <br><br><br> Defendants. | Case No. No. 24 Civ. 2707 (GHW)(SN) |

**SUR-REPLY**
**IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

I.  **NYLL § 191 HAS HISTORICALLY BEEN HELD TO HAVE A PRIVATE RIGHT OF ACTION**

Defendants assert that the Court should disregard the *Vega* decision in order to "promote[] historical consistency and predictability." *See* ECF No. 45, pg. 7. As Plaintiffs previously pointed out, the history of New York precedent supports a private right of action for NYLL § 191 claims. *See* ECF No. 40, pgs. 23-24. Defendants now further claim that "[p]rior to *Vega*, New York federal and state courts **uniformly** held that no private right of action existed." This is simply false, as multiple courts in this circuit found that a private right of action exists under NYLL § 191(1)(a) prior to *Vega*. *See e.g. Scott v. Whole Foods Mkt. Grp., Inc.*, No. 18 Civ. 0086 (SJF) (AKT), 2019 WL 1559424 at *3-4 (E.D.N.Y. Feb. 5, 2020) (denying defendant's motion to dismiss § 191 claims); *Lopez-Serrano v. Rockmore*, 132 F. Supp. 3d 390, 404 (E.D.N.Y. 2015) (same); *Gonzales*, 2014 WL 1011070 at *9; *Wang Kwong Ho v. Target Construction of NY Corp.*, No. 08 Civ. 4750 (KAM)(RER), 2011 WL 1131510, at *14 (E.D.N.Y. Mar. 28, 2011) (awarding damages under NYLL § 191); *Cuzco v. Orion Builders, Inc.*, No. 06 Civ. 2789, 2010 WL 2143662, at *4 (granting plaintiffs' motion for summary judgment on their NYLL § 191 claims); *Urtubia v. B.A. Victory Corp.*, 857 F. Supp. 2d 476, at 481-482 (S.D.N.Y. 2012) (denying motion to dismiss NYLL § 191 claims).

It is the *Grant* decision that departs from historical precedent, because *Grant* vitiates the fundamental principle that the NYLL cannot be abridged by contract. *See e.g.*, *Watson v. Prentice-Hall, Inc.*, 50 A.D.2d 1077, 1077 (4th Dep't 1975) ("[c]ontracts…in violation of section 191…are void."); *People v. Grass*, 257 A.D. 1, 3-4 (1st Dep't 1939) (same); *In re Wright Metal*, 257 A.D. 453, 456 (4th Dept. 1939) ("[agreeing to waive the weekly payment of wages] is forbidden"), *aff'd as modified*, 283 N.Y. 47 (1940). As multiple courts have pointed out, *Grant's* holding that an employee may agree to biweekly pay overlooks "the plain language of Section 191" as NYLL §

1

191(2) prohibits the acceptance of "wages at periods other than as provided in this section." *See Phoenix v. Cushman and Wakefield U.S., Inc.*, No. 24 Civ. 965 (PMH), 2024 WL 357793, at *4-5 (S.D.N.Y. Jan. 31, 2025)[1] (internal citations omitted). This is why, even post-*Grant*, there is a "near-unanimous view," that *Vega* was correctly decided. *See id.* (collecting cases).

## II. THE NEW YORK DEPARTMENT OF LABOR ASSERTS WAGE DAMAGES FOR NYLL § 191 CLAIMS

Defendants claim that the New York Department of Labor treats NYLL § 191 claims as non-wage claims. *See* ECF No. 45, pg. 8. Incredibly, Defendants' only basis is the New York Department of Labor's website construction. *See id.* Unsurprisingly, an argument based on an online form does not stand up to scrutiny. The Department of Labor does in fact enforce NYLL § 191 claims by asserting "fifty percent liquidated damages." *See* **Exhibit A**, Enforcement Emails from the New York Department of Labor.[2]

## III. THERE ARE NO CONSTITUTIONAL CONCERNS REGARDING NYLL § 191 CLAIMS

Defendants claim that this Court should dismiss Plaintiffs' NYLL § 191 claims to "avoid[] lurking Due Process and Eighth Amendment Excessive Fines Clause concerns." Defendants do not explain, nor could they, why the Eighth Amendment would apply to liquidated damages under NYLL § 198. *See Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 707 (1945) (finding that FLSA liquidated damages exist to **compensate** for delay); *Rana v. Islam*, 887 F. 3d 118, 123 (2d Cir. 2018) (holding there are "no meaningful differences" between the liquidated damages provisions of the FLSA and the NYLL) (emphasis added). Regardless, this argument is not appropriate to

---

[1] Pertinent to the instant matter, the *Phoenix* decision also denied an attempt to strike class allegations as premature, and denied a motion to administratively close the case until the Court of Appeals decided the *Grant/Vega* split. *Phoenix v. Cushman and Wakefield U.S., Inc.*, No. 24 Civ. 965 (PMH), 2024 WL 357793 (Jan. 31, 2025).

[2] Respectfully, this exact argument has been raised by others defendants also looking for any way to muddy the waters of NYLL § 191 claims, and it has never been given credence by any court. *See Mabe v. Walmart Assoc., Inc.*, No. 20 Civ. 591 (TJM) (CFH), ECF No. 25, pg. 7 (May 12, 2021).

determine at this stage, as there has been no damages awarded against Defendant yet. *See Rodrigue v. Lowe's Home Centers, LLC*, No. 20 Civ. 1127 (RPK) (RLM), 2021 WL 3848268, at *6 (E.D.N.Y. Aug. 27, 2021) (citing *Thomas v. iStar Financial, Inc.*, 652 F.3d 141, 149 (2d Cir. 2010); *see also Hodel v. Virginia Surface Min and Reclamation, Ass'n, Inc.*, 452 U.S. 264, 304 (1981) (due process challenge to civil penalties "premature" where the defendants had no penalties assessed against them); *Phoenix v. Cushman and Wakefield U.S., Inc.*, 2024 WL 357793 at *6.

## IV.  DEFENDANTS WRONGLY ASSERT THAT DISTRICT COURTS HAVE DOUBTED *VEGA*

Defendants argue that many courts only followed *Vega* "while expressing serious doubt as to its reasoning." *See* ECF No. 45, pg. 8. This argument primarily ignores that any court with "serious doubt" would have found that the Court of Appeals would rule differently. Moreover, Plaintiffs cannot understand where Defendants glean this "serious doubt." *See e.g. Pozo v. BlueMercury, Inc.*, No. 22. Civ. 7382, 2023 WL 4980217, at *4 (S.D.N.Y. Aug. 3, 2023) ("none of the objections Defendant raises to *Vega's* holding constitutes "persuasive evidence" that the Court of Appeals would reject *Vega*"); *Accosta v. Lorelei Events Grp. Inc.,* No. 17 Civ. 07804 (NSR), 2022 WL 195514 (S.D.N.Y. Jan. 21, 2022) (devoid of any reference to *Vega*); *Quintallla v. Kabco Pharmaceuticals, Inc.*, No, 19 Civ. 6752 (PKC), ECF No. 27, pg. 18 (Nov. 9, 2020)[3] ("the Court of Appeals…[has] not suggest[ed] in any way that the private actions brought under 191 were improper"). Defendants further attempt to slip by a report and recommendation without notifying the Court that its criticism of *Vega* was specifically omitted by Judge Woods's adopting order. *See Harris v. Old Navy*, No. 21 Civ. 9946 (GHW), 2023 WL 2139688, at *2 (S.D.N.Y. Feb. 20, 2023) ("the R&R contains dicta questioning [*Vega*]…[t]he Court [does] not join in that dicta"). Clearly, the district courts support *Vega*'s determination that a private right of action exists.

---

[3] Transcript attached as **Exhibit B**.

Dated: February 4, 2025
      New York, New York

           Respectfully submitted,

           By: /s/ Brian S. Schaffer

           **FITAPELLI & SCHAFFER, LLP**
           Brian S. Schaffer
           Hunter G Benharris
           28 Liberty Street, 30th Floor
           New York, NY 10005
           Telephone: (212) 300-0375

           *Attorneys for Plaintiffs and the Putative Class*