UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X
                                           :

GABRIEL VELEZ, *et al.*,                        :
                                           :
                         Plaintiffs,   :        1:24-cv-2707-GHW
                                           :
                 -v-              :        __MEMORANDUM__
                                           :        __OPINION & ORDER__
MEDRITE, LLC, *et al.*,                   :
                                         :
                        Defendants.  :
                                         :
--------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/15/2025

GREGORY H. WOODS, United States District Judge:

## I.    INTRODUCTION

      Plaintiffs Gabriel Velez and Gilbert Velez (collectively, "Plaintiffs") sued their former employers, MedRite, LLC and Staffing Boutique, Inc. (collectively, "Defendants"), for alleged violations of federal and state labor laws. In addition to their individual claims, Plaintiffs are advancing a putative collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") and a putative Rule 23 class action under the New York Labor Law, §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"). Defendants moved to dismiss Plaintiffs' claims for failure to state a claim and for lack of subject matter jurisdiction and to strike Plaintiffs' class and collective allegations. In July of this year, Magistrate Judge Sarah Netburn issued a Report and Recommendation ("R&R") recommending that the Court deny the Defendants' motion in part and grant it in part. Defendants timely objected.

      There are two principal questions at this stage. First, whether the Court can and should exercise subject matter jurisdiction over Plaintiffs' state law claims and second, whether the Court should extinguish Plaintiffs' ability to proceed on a collective and class basis at this early stage in the litigation. The answer to both questions is no. Because one of the plaintiffs has pleaded a federal

claim under the FLSA and Plaintiffs' state law claims are part of the same case or controversy and no circumstances justify declining to exercise jurisdiction, the Court has jurisdiction over Plaintiffs' state law claims.  And it would be premature to strike Plaintiffs' class and collective allegations at this early stage of the case.  As a result, the Court will largely adopt Judge Netburn's R&R, with limited exceptions that do not affect the outcome.  Accordingly, the Defendants' motion to dismiss is GRANTED in part and DENIED in part.

## II.    BACKGROUND

### A.  Facts[1]

Familiarity with the facts of this case is presumed.  The reader is referred to the R&R, Dkt. No. 55, for a comprehensive description of the facts of this case.  A brief summary of the relevant allegations is provided here.

Plaintiffs allege that Defendants did not pay them on time, pay them enough, or—on some occasions—pay them at all.  *See, e.g.*, SAC ¶¶ 88, 93, 101, 105–16.  Both Plaintiffs also allege that over twenty-five percent of their job duties included physical tasks, qualifying them as "manual workers" who must be paid weekly under the New York Labor Law.  *Id.* ¶¶ 91–93, 111–13.  They were instead paid bi-weekly.  *Id.* ¶ 23.  They allege that Defendants managed Plaintiffs and other similarly situated hourly workers according to common policies.  *See, e.g., id.* ¶¶ 6–10 (identifying examples of common policies).  They also allege that the violations they individually experienced were examples of a broader "pattern," "practice," or "policy" of Defendants towards similarly situated workers.  *Id.* ¶¶ 20, 67, 89.

---

[1] The facts are taken from the Second Amended Complaint, Dkt. No. 34 ("SAC"), and are accepted as true for the purposes of this motion.  *See, e.g., Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012).  However, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Procedural History

Plaintiffs filed their initial complaint on April 10, 2024. Dkt. No. 1. They first amended their complaint on July 26, 2024. Dkt. No. 21. They filed the operative complaint—the Second Amended Complaint—on October 25, 2024. Dkt. No. 34.

Plaintiffs assert six causes of action under the FLSA and the NYLL. Under the FLSA, they allege that Defendants failed to pay them minimum wages, SAC ¶¶ 120–24, and that Defendants failed to pay them overtime wages, *id.* ¶¶ 125–29. They assert these claims individually and on behalf of a putative FLSA collective. *Id.* ¶¶ 63–74. Under the NYLL, they allege that Defendants failed to pay them their agreed upon wages, *id.* ¶¶ 130–34 (the "bi-weekly pay claim"), that Defendants failed to pay them overtime wages, *id.* ¶¶ 135–39, that Defendants failed to pay them wages weekly as required for manual workers, *id.* ¶¶ 140–43 (the "pay-frequency claim"), and that Defendants failed to provide them accurate wage statements, *id.* ¶¶ 144–46 (the "wage statement claim"). They assert these claims individually and on behalf of a putative New York class. *Id.* ¶¶ 75–83.

On November 22, 2024, Defendants moved to dismiss the Second Amended Complaint. Dkt. No. 36. Judge Netburn issued the R&R on July 9, 2025 recommending that the Court deny Defendants' motion in large part. *See generally* R&R. She concluded that while Plaintiff Gabriel Velez had not stated a minimum wage claim under the FLSA or an overtime wage claim under either the FLSA or the NYLL, Plaintiff Gilbert Velez had adequately pleaded those causes of action. R&R at 4–7, 8–9. Judge Netburn thus concluded that the Court would have original jurisdiction over Plaintiff Gilbert Velez's federal claims. *Id.* She recommended that the Court deny Defendants' motion to dismiss both Plaintiffs' state law claims for lack of subject matter jurisdiction because those claims—including Plaintiff Gabriel Velez's state law claims—were part of the same "case or controversy" as Plaintiff Gilbert Velez's surviving federal claims and because there was no valid

reason to decline the exercise of supplemental jurisdiction. *Id.* at 7–8, 14–16. She also recommended that the Court deny Defendants' motion to strike or dismiss the class and collective allegations because such a motion was premature. *Id.* at 21–22.

Defendants filed timely objections to the R&R on July 23, 2025. Dkt. No. 56 ("Defs.' Objections"). They did not object to many of Judge Netburn's recommendations, including the recommendation that the Court conclude that Plaintiff Gilbert Velez had adequately pleaded his wage and overtime claims under the FLSA. However, Defendants raised four specific objections to the R&R.

First, they objected to Judge Netburn's conclusion that the Court should exercise supplemental jurisdiction over Plaintiff Gabriel Velez's NYLL claims. Defs.' Objections at 6–10. They argued that the Court had the discretion to decline to exercise jurisdiction over his state law claims because his federal claims had been dismissed. *Id.* at 6; *see also* 28 U.S.C. § 1367(c)(3). They argued that the Court should exercise that discretion in this case because the litigation is in an early stage and proof to demonstrate his claims would be "sufficiently distinct" from the proof need to demonstrate Plaintiff Gilbert Velez's claims. Defs.' Objections at 7–10 (citing *Camara v. Kenner,* No. 16-cv-7078, 2018 WL 1596195 (S.D.N.Y. Mar. 29, 2018)).

Second, they objected to Judge Netburn's conclusion that Plaintiffs' pay-frequency claims formed part of the same case or controversy as Plaintiff Gilbert Velez's federal wage and overtime claims. *Id.* at 10–11; *see also* 28 U.S.C. § 1367(a). They contended that the two sets of claims required "distinct factual inquir[ies]" such that they did not share a "common nucleus of operative fact." Defs.' Objections at 11.

Third, they objected to Judge Netburn's conclusion that the Court should not decline to exercise supplemental jurisdiction over Plaintiffs' pay-frequency claims, which arise solely under state law. *Id.* at 11–15. They objected on two grounds. Defendants argued that the pay-frequency

claims would "substantially predominate" over the federal wage and overtime claims because the former "present a wholly different beast in terms of type of proof, quantum of proof, damages calculations, and legal analysis" compared to the latter. *Id.* at 11–14; *see also* 28 U.S.C. § 1367(c)(2). They also argued that Plaintiffs were using an individual FLSA claim as a "jurisdictional lynchpin" to litigate their NYLL class claims, which, they argued, gave rise to an "exceptional circumstance" since "no viable federal collective" had been pleaded. Defs.' Objections at 14–15; *see also* 28 U.S.C. § 1367(c)(4).

Finally, they objected to Judge Netburn's conclusions that the motion to strike or dismiss Plaintiffs' class and collective allegations was premature. Defs.' Objections at 15–19. They argued that the claims Plaintiffs seek to maintain on behalf of others similarly situated were pleaded solely based on "individualized facts," and that Plaintiffs had not "articulated . . . plausible collective or class claims," which they argued to be required by Rules 8 and 12(b)(6), as well as 23(d)(1)(D) of the Federal Rules of Civil Procedure. *Id.*

Plaintiffs did not object to the R&R but filed a brief in opposition to Defendants' objections. Dkt. No. 58. Their opposition characterized much of Defendants' objections as repeating arguments raised in the motion to dismiss and urged the Court to review Judge Netburn's R&R for clear error. *Id.* at 3–4. Turning to Defendants' objections related to subject matter jurisdiction, Plaintiffs first asserted that courts regularly exercise supplemental jurisdiction over NYLL claims in cases brought under the FLSA, even when the FLSA claims had been dismissed in the litigation. *Id.* at 4–5. They argued that both precedent and logic dictate that the state law claims—including the pay-frequency claims—will not substantially predominate over the federal wage and overtime claims. *Id.* at 6–7; *see also* 28 U.S.C. § 1367(c)(2). Finally, they argued that their allegations that Defendants treat employees like Plaintiffs according to a "common policy" defeated Defendants' "premature" attempt to strike the class and collective allegations. Dkt. No. 58 at 7–8.

### III.    LEGAL STANDARD

#### A.  Review of Judge Netburn's R&R

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Parties may raise specific, written objections to the report and recommendation within fourteen days of being served with a copy of the report.  *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

The Court reviews for clear error those parts of the report and recommendation to which no party has timely objected.  28 U.S.C. § 636(b)(1); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).  When a party timely objects to a magistrate judge's report and recommendation, a district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  "To the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error."  *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-cv-6865 (LTS)(GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (citation and internal quotation marks omitted)).  "Objections of this sort are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a meaningless dress rehearsal.  *Vega v. Artuz*, No. 97-cv-3775 (LTS)(JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (citations and internal quotation marks omitted).  "The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the Magistrate Judge."  *New York City Dist. Council of*

*Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (internal citation and quotation marks omitted).

Finally, "it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (internal citation and quotation marks omitted); *accord Piligian v. Icahn Sch. of Med. at Mt. Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y. 2020) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." (quoting *Syed Mohammad Aftab Kartm, MD, Faans v. New York City Health and Hospitals Corp., et al.*, No. 17-cv-6888, 2020 WL 2999228, at *3 (S.D.N.Y. June 4, 2020))); *Watson v. Geithner*, No. 11-cv-9527, 2013 WL 5441748, at *2 (S.D.N.Y. Sep. 27, 2013) ("[A] party waives any arguments *not* presented to the magistrate judge." (emphasis in original)).

### B. Rule 12(b)(6) Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[ ]" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam). However,

> "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." A complaint must therefore contain more than "naked assertion[s] devoid of further factual enhancement." Pleadings that contain "no more than conclusions . . . are not entitled to the assumption of truth" otherwise applicable to complaints in the context of motions to dismiss.

*DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87–88 (2d Cir. 2013) (alterations in original) (quoting *Iqbal*, 556 U.S. at 678–79). Thus, a complaint that offers "labels and conclusions" or "naked assertion[s]" without "further factual enhancement" will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (alteration in original) (citing *Twombly*, 550 U.S. at 555, 557).

On a motion to dismiss, a court must generally "limit itself to the facts stated in the complaint." *Field Day, LLC v. Cnty. of Suffolk*, 463 F.3d 167, 192 (2d Cir. 2006) (quoting *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999)). In that context, "[a] court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020). "The purpose of Rule 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief *without* resolving a contest regarding its substantive merits. The Rule thus assesses the legal feasibility of the complaint, but does not weigh the evidence that might be offered to support it." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006).

### C. Rule 12(b)(1) Motion to Dismiss

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Daly v. Citigroup*

*Inc.*, 939 F.3d 415, 425 (2d Cir. 2019) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.

2000)); *see also* Fed. R. Civ. P. 12(b)(1) ("[A] party may assert the following defense[] by motion: lack

of subject-matter jurisdiction."). "The burden of proving jurisdiction is on the party asserting it."

*Daly*, 939 F.3d at 425 (quoting *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir.

1994)). On a Rule 12(b)(1) motion, "the court is permitted to rely on information beyond the face

of the complaint." *In re Germain*, 824 F.3d 258, 261 (2d Cir. 2016) (quoting *St. Paul Fire & Marine

Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005)).

### D. Rule 23(d)(1)(D) Motion to Strike Class Claims

After a putative class action is brought, Federal Rule of Civil Procedure 23 requires a court

to decide whether to certify a class action "[a]t an early practicable time." Fed. R. Civ. P. 23(c)(1)(A).

"'Because a decision in the negative might be practicable even prior to discovery, Rule 23(d)(1)(D)

allows a court to require that a complaint be amended to eliminate allegations about representation

of absent persons and that the action proceed accordingly.'" *Vellon v. Chefs' Warehouse, Inc.*, No. 22-

cv-04809, 2023 WL 6394228, at *5 (S.D.N.Y. Sept. 30, 2023) (quoting *Talarico v. Port Auth. of New

York & New Jersey*, 367 F. Supp. 3d 161, 166 (S.D.N.Y. 2019)). In this Circuit, motions to strike

class claims are "'disfavored'" because they "'require[ ] a reviewing court to preemptively terminate

the class aspects of litigation, solely on the basis of what is alleged in the complaint and before

plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on

questions relevant to class certification.'" *Id.* (quoting *Kassman v. KPMG LLC*, 925 F. Supp. 2d 453,

462 (S.D.N.Y. 2013)). Striking class allegations at the pleading stage "is appropriate only 'as long as

the complaint itself demonstrates that the requirements for maintaining a class action cannot be

met.'" *Id.* (quoting *Borgese v. Baby Brezza Enter. LLC*, No. 20-cv-1180, 2021 WL 634722, at *2

(S.D.N.Y. Feb. 18, 2021)). Thus, a "'court will deny a motion to strike as premature unless the

defendants demonstrate from the face of the complaint that it would be impossible to certify the

alleged class regardless of the facts [the plaintiffs] may be able to obtain during discovery.'" *Id.*

(quoting *In re Libor-Based Fin. Instruments Antitrust Litig.*, No. 11-MDL-2262, 2016 WL 2851333, at *1

(S.D.N.Y. May 13, 2016) (alteration in quote)).

## IV.    DISCUSSION

The Court has reviewed for clear error the portions of the R&R to which neither party

objected and reviewed *de novo* the portions of the R&R to which Defendants objected.  For the

reasons that follow, the Court rejects Defendants' objections, finds no clear error in the portions of

the R&R that were not the subject of objections—except for the recommendation to dismiss

Plaintiff Gabriel Velez's federal claims with prejudice—and otherwise adopts the R&R's

recommendations in full.

### A.    Clear Error Review

The Court finds no clear error in the vast majority of Judge Netburn's conclusions to which

neither party objected.  She recommended that the Court deny the motion to dismiss as it related to

Plaintiff Gilbert Velez's minimum wage and overtime claims and both Plaintiffs' bi-weekly pay

claims to the extent those claims alleged failure to comply with the agreed-upon pay schedule.  R&R

at 4–7, 8–10.  Judge Netburn also recommended that the Court deny Defendants' motion to dismiss

the pay-frequency and wage statement claims for lack of Article III standing.  *Id.* at 10–14, 19–21.

Judge Netburn concluded that this Court should join the majority of others in this Circuit in

following the First Department's approach in *Vega v. CM and Associates Construction Management, LLC*,

107 N.Y.S.3d 286 (App. Div. 2019) and recognize a private right of action for pay-frequency

violations under NYLL § 191.[2]  R&R at 10–14.  Judge Netburn also concluded that Plaintiffs had

pleaded sufficient injury to establish Article III standing to pursue the wage statement claims.  *Id.* at

---

[2] For the same reason, Judge Netburn concluded that the pay-frequency claims should not be dismissed because they raise "novel or complex issue of state law."  R&R at 15; *see also* 28 U.S.C. § 1367(c)(1).  Finding no clear error, the Court adopts Judge Netburn's conclusion.

19–21.  Finding no clear error in these recommendations, the Court adopts Judge Netburn's conclusions and denies Defendants' motion to dismiss Plaintiff Gilbert Velez's wage and overtime claims, both Plaintiffs' bi-weekly pay claims, and both Plaintiffs' wage statement claims.  The Court also denies Defendants' motion to dismiss the pay-frequency claims for lack of Article III standing, though Defendants' other subject matter jurisdiction arguments are addressed below.

Although neither party objected to Judge Netburn's recommendation to dismiss Plaintiff Gabriel Velez's minimum wage and overtime claims, the Court does not dismiss his claims with prejudice.  It is the "usual practice" upon dismissing a complaint "to allow leave to replead."  *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  That is especially true where, as here, a plaintiff has not yet had the opportunity to amend the complaint with the benefit of a ruling from the Court.  *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) ("Without the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies.").  Although Plaintiffs have amended the complaint twice, they have not yet had "the benefit of a ruling" prior to any amendment.  *Id.*  In light of the Second Circuit's guidance, the Court believes that Plaintiff Gabriel Velez must be provided the opportunity to amend the complaint to cure the deficiencies identified in the R&R.  Accordingly, Plaintiff Gabriel Velez's minimum wage and overtime claims are dismissed without prejudice.

### B.  Defendants' Objections

Reviewing the objected-to conclusions *de novo*, the Court reaches the same conclusions as Judge Netburn and denies Defendants' motion to dismiss Plaintiffs' state law claims for lack of subject matter jurisdiction and also denies Defendants' motions to strike or dismiss the Plaintiffs' class and collective allegations.  As described above, Defendants objected to four of Judge

Netburn's recommended rulings:  first, that supplemental jurisdiction existed over the pay-frequency claims; second, that the Court should exercise supplemental jurisdiction over the pay-frequency claims; third, that the Court should exercise supplemental jurisdiction over Plaintiff Gabriel Velez's state law claims; and fourth, that the Court should not foreclose Plaintiffs' opportunity to proceed as a class or collective.  The Court discusses each issue in turn below.

###### i. The State Pay-Frequency Claims Are Part of the Same Case or Controversy as the Federal Wage and Overtime Claims

When a district court has original jurisdiction over claims in a case, it "'shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy under Article III.'"  *F5 Capital v. Pappas*, 856 F.3d 61, 77 (2d Cir. 2017) (quoting 28 U.S.C. § 1367(a)); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966) ("Pendent jurisdiction . . . exists whenever there is a claim 'arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority,' and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" (quoting U.S. Const. art. III, § 2)).

Claims are "'part of the same case or controversy' if they 'derive from a common nucleus of operative fact.'"  *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (quoting *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004)).  "Put differently, the question at hand is whether the relationship between the federal and state claims is 'such that the plaintiff would ordinarily be expected to try them all in one judicial proceeding.'"  *LaChapelle v. Torres*, 37 F. Supp. 3d 672, 680 (S.D.N.Y. 2014) (quoting *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 332 (2d Cir. 2011)).  "To make this determination, courts 'have traditionally asked whether the facts underlying the federal and state claims substantially overlapped . . . [or] the federal claim necessarily brought the facts underlying the state claim before the court.'"  *Id.*

(alterations in original) (quoting *Achtman v. Kirby, McInerney & Squire LLP*, 464 F.3d 328, 335 (2d Cir. 2006)).

Plaintiffs' pay-frequency claims and Plaintiffs' FLSA claims derive from a "common nucleus of operative fact." NYLL and FLSA claims derive from a common nucleus of operative fact when they arise out of common workplace conditions. *See Shahriar*, 659 F.3d at 245 (finding that NYLL and FLSA claims shared a common nucleus of operative fact where both sets of claims "arise out of the same compensation policies and practices."). Plaintiffs plausibly allege that they worked for the same employers, at similar locations during overlapping time periods, and were paid the same wage, for the same position, and pursuant to a common compensation policy. *Id.* ¶¶ 3, 36–43, 86, 99. Plaintiffs' state pay-frequency claims and federal wage and overtime claims both relate to the way, amount, and frequency with which Defendants paid Plaintiffs for the same work pursuant to these common workplace conditions. *See, e.g.*, *id.* ¶ 23 (describing policy of paying hourly workers bi-weekly); *id.* ¶¶ 102–03 (describing failure of management to pay Plaintiff Gilbert Velez after he flagged his missing wages). Plaintiffs' federal wage and overtime claims and Plaintiffs' pay-frequency claims are therefore "so related" such that they are a part of the same "case or controversy." *See Isayeva v. Diamond Braces*, No. 22-cv-4575, 2024 WL 1053349, at *12–13 (S.D.N.Y. Mar. 11, 2024) (holding that NYLL pay-frequency claims were within the scope of the Court's supplemental jurisdiction because "whether both Plaintiffs were paid their wages on time, paid all the wages to which they were entitled, or even paid their wages at all rolls up to the same common nucleus of operative fact that arises from Defendants' compensation policies and practices.").[3]

---

[3] Defendants argue that there is no subject matter jurisdiction over the pay-frequency claims because the inquiry to resolve the "gravamen" of the pay-frequency claims and the inquiry to resolve the wage and overtime claims do not overlap. Defs.' Objections at 11. To the extent that this argument concerns the evidence needed to prove the pay frequency claims, it is best considered alongside Defendants' arguments that the pay-frequency claims will substantially predominate over the Plaintiffs' federal claims. *See Dedalus Found. v. Banach*, No. 09-cv-2842, 2009 WL 3398595, at *5 (S.D.N.Y. Oct.16, 2009) ("State law claims can predominate 'in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought.'" (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966))).

ii. **The Exercise of Supplemental Jurisdiction Over the Pay-Frequency Claims Is Appropriate**

Because none of the statutory factors in 28 U.S.C. § 1367(c) justify declining to exercise jurisdiction over Plaintiffs' pay-frequency claims, the Court holds that the exercise of supplemental jurisdiction over these claims is appropriate at this stage in the litigation. Upon a finding that a supplemental claim and a claim within a court's original jurisdiction are related such that they "'form the same case or controversy,'" "'supplemental jurisdiction over the related claim[s] is mandatory.'" *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 85 (2d Cir. 2018) (quoting *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 447 (2d Cir. 1998)). If the claims do form the same or controversy, a district court's "'discretion to decline supplemental jurisdiction is available *only if* founded upon an enumerated category of [28 U.S.C. §] 1367(c).'" *Id.* (quoting *Shahriar*, 659 F.3d at 245) (emphasis in original).

"Section 1367(c) provides that '[t]he district courts may decline to exercise supplemental jurisdiction over a claim under [§ 1367(a)] if: (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.'" *Id.* (quoting 28 U.S.C. § 1367(c)). If one of these categories applies, declining jurisdiction is not mandatory. *Id.* "[A] district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values articulated in *Gibbs*, 383 U.S. at 726: economy, convenience, fairness, and comity." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004). The decision whether to exercise supplemental jurisdiction under 28 U.S.C. § 1367 "is within the sound discretion of the district court." *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 117 (2d Cir. 2013) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349–50 (1988)).

A state law claim "substantially predominates" over the claims over which a district court has original jurisdiction if after "looking to the nature of the claims as set forth in the pleading[s,] . . . the state law claims are more complex or require more judicial resources to adjudicate or are more salient in the case as a whole than the federal law claims." *Patel v. Baluchi's Indian Rest.*, No. 08-cv-9985, 2009 WL 2358620, at *5 (S.D.N.Y. July 30, 2009) (Sullivan, J.) (internal quotation marks omitted) (quoting *In re Methyl Tertiary Butyl Ethyl (MTBE) Prods. Liab.*, 613 F. Supp. 2d 437, 442–43 (S.D.N.Y. 2009)). "State law claims can predominate 'in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought.'" *Dedalus Found.*, 2009 WL 3398595, at *5 (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)).

On this record, the Court does not conclude that the pay-frequency claims will substantially predominate over the FLSA claims (and associated wage and overtime claims under the NYLL) in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought. The proof Plaintiff Gilbert Velez is likely to offer to demonstrate his overtime and wage claims is likely to overlap with the proof needed to establish his status as a manual worker. Plaintiff Gilbert Velez alleges that he was underpaid for four weeks of his tenure. SAC ¶¶ 100–10. To recover, Plaintiff Gilbert Velez must show that he worked during his shifts and that he was inadequately paid for that work.[4] The same evidence can be expected to be required to prove the nature of the work accomplished during those hours. *See Gordon v. Riverdale SNF, LLC*, No. 24-cv-2612, 2025 WL 2390727, at *11 (S.D.N.Y. Aug. 18, 2025) (observing that the evidence needed to prove the non-FLSA plaintiffs' NYLL pay-frequency claims and the evidence needed to proof a plaintiff's FLSA overtime claim would overlap); *Balderramo v. Go New York Tours Inc.*, 668 F. Supp. 3d 207, 224, 227 (S.D.N.Y. 2023) (relying on deposition and affidavit from defendant business owner to establish

---

[4] The Court notes that even Defendants may seek to investigate how Plaintiffs spend their time during their shifts. *See* Defs.' Objections at 12–13 (indicating that Defendants are prepared to show that "Gilbert stole time from the companies.").

minimum wage and pay-frequency claims, respectively).  Further, the overtime and wage claims and the pay-frequency claims raise similar issues; namely, "whether both Plaintiffs were paid their wages on time, paid all the wages to which they were entitled, or even paid their wages at all."  *Isayeva*, 2024 WL 1053349, at *13.  Finally, Plaintiffs seek the same remedy for both their NYLL and FLSA claims; namely, damages with respect to both.  SAC at 21; *see also In re MTBE Prods. Liab.*, 613 F. Supp. 2d at 445 (finding that state law claims predominated in terms of the comprehensiveness of the remedy when scope of relief sought with respect to the plaintiffs' state law claims was more expansive than the narrow relief sought with respect to the plaintiffs' federal law claims).

While Defendants are correct that litigating the pay-frequency claims will affect the focus of the focus of the litigation and require additional work by the parties and the Court, they have not demonstrated that the pay-frequency claims will "*substantially* predominate" over the FLSA claims. 28 U.S.C. § 1367(c)(2) (emphasis added).  To justify declining jurisdiction, Defendants must demonstrate that adjudicating these claims will result in those claims substantially predominating "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought."  *See Dedalus Found.*, 2009 WL 3398595, at *5 (internal quotation marks omitted). Defendants argue that the pay-frequency claims will require "extensive discovery and analysis" of each putative class member to determine manual worker status and that Plaintiffs seek "substantially greater" damages for their pay-frequency claims.  Defs.' Objections at 14.  As noted, the evidence to prove the pay-frequency claims may overlap with the proof of the overtime and wage claims.  *See Gordon*, 2025 WL 2390727, at *11.  Because the proof needed to resolve Plaintiffs' federal wage and overtime claims and Plaintiffs' pay-frequency claims will likely overlap, the Court cannot conclude that the latter will substantially predominate over the former on the record before it.  *See Patel*, 2009 WL 2358620, at *5 ("Undoubtedly, some of the state law claims may require additional discovery beyond that which would be required if Plaintiffs had brought only federal claims.  However, based

on Plaintiffs' allegations alone, the Court cannot conclude that Plaintiffs' various state statutory claims 'substantially predominate' over Plaintiffs' federal claims."). Further, as noted, Plaintiffs seek the same category of remedy for both their FLSA and their pay-frequency claims; namely, damages with respect to both. Defendants' argument that Plaintiffs' pay-frequency claims will require more proof than Plaintiffs' federal claims would require alone and that Plaintiffs can recover more damages than they could recover for their federal claims alone does not meet Defendants' burden to show that the pay-frequency claims will substantially predominate over the federal claims.

Finally, no exceptional circumstances under § 1367(c)(4) compel the Court to decline jurisdiction over the pay-frequency claims. To decline jurisdiction on this basis, a court must "identify truly compelling circumstances that militate against exercising jurisdiction." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 215 (2d Cir. 2004) (citing *Itar-Tass Russian News Agency*, 140 F.3d at 448). "'Federal courts must ensure that the reasons identified as compelling are not deployed in circumstances that threaten' the principle that declining jurisdiction outside of Subsections 1367(c)(1)–(3) is 'the exception rather than the rule.'" *SST Glob. Tech., LLC v. Chapman*, 270 F. Supp. 2d 444, 459 (S.D.N.Y. 2003) (quoting *Itar-Tass Russian News Agency*, 140 F.3d at 448). Therefore, "[a] district court should decline supplemental jurisdiction under § 1367(c)(4) 'only if the circumstances are quite unusual.'" *Arista Recs. LLC v. Lime Grp. LLC*, 532 F. Supp. 2d 556, 583 (S.D.N.Y. 2007) (Lynch, J.) (quoting *Itar-Tass Russian News Agency*, 140 F.3d at 448).

It is not "quite unusual" for a court to exercise supplemental jurisdiction over a NYLL claim that might form the basis of a class action when a court has original jurisdiction over related FLSA claims. It is not an exceptional circumstance for a plaintiff—having adequately pleaded a cause of action for pay-related violations under the FLSA—to allege a class action for pay-related violations under the NYLL. Under Federal Rule of Civil Procedure 23, plaintiffs have the right to bring a class action in federal court. Courts in this circuit have recently exercised jurisdiction over class-wide

claims under NYLL § 191 when plaintiffs have adequately pleaded FLSA claims relating to pay. *Isayeva*, 2024 WL 1053349, at \*12–14 (retaining supplemental jurisdiction over pay-frequency claims alleged as a putative class action when plaintiffs adequately pleaded FLSA claims); *Gordon*, 2025 WL 2390727, at \*9–12 (same). Nothing about Plaintiffs' opportunity to pursue a class action in this case is "exceptional" enough to justify declining to exercise jurisdiction over the state law claims.

Plaintiffs' decision to litigate in a forum where they might pursue a class action does not justify declining jurisdiction. As discussed, a putative class action is not an unusual circumstance within the meaning of § 1367(c)(4). The gravamen of Defendants' argument that Plaintiffs are using their FLSA claims as a "jurisdictional lynchpin" is that the Court should decline to exercise jurisdiction over a state law claim because Plaintiffs have the right to pursue that claim on a class-wide basis.[5] Defs.' Objections 14–15. Since Plaintiffs are within their rights to pursue such a class action, their ability to exercise that right is not a reason to decline to exercise jurisdiction. Further, the cases Defendants cite for their proposition that Plaintiffs are engineering their claims to access a federal forum are readily distinguishable. Unlike in those cases, Defendants do not allege Plaintiffs have filed in state court and then changed course upon drawing an unfavorable state court judge. *See Fixed Income Shares: Series M v. Citibank N.A.*, 130 F. Supp. 3d 842, 853 (S.D.N.Y. 2015); *Blackrock Allocation Target Shares v. Deutsche Bank Nat'l Tr. Co.*, No. 14-cv-9367, 2016 WL 269570, at \*5 (S.D.N.Y. Jan. 19, 2016). The Court will not decline to exercise jurisdiction over state law claims for the sole reason that Plaintiffs may choose to seek class certification on state law claims that are pendent to adequately pleaded federal claims. Accordingly, the Court denies Defendants' motion to dismiss the pay-frequency claims for lack of subject matter jurisdiction.

---

[5] Defendants also argue that "there is no viable federal collective pled." Defs. Objections at 14–15. For reasons discussed below, the Court will not foreclose Plaintiffs the chance to seek relief on behalf of an FLSA collective at this stage in the litigation.

### iii.  The Exercise of Supplemental Jurisdiction over Plaintiff Gabriel Velez's State Law Claims Is Appropriate

Although the Court grants Defendants' motion to dismiss Plaintiff Gabriel Velez's federal claims, the Court denies Defendants' motion to dismiss his state law claims for lack of subject matter jurisdiction.  "[A] district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed *all* claims over which it has original jurisdiction.'"  *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (emphasis added) (quoting 28 U.S.C. § 1367(c)(3)).  In deciding whether to exercise supplemental jurisdiction, the Court must "weigh and balance several factors, including considerations of judicial economy, convenience, and fairness to litigants."  *First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 183 (2d Cir. 2004) (quoting *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994)).  In applying these factors, the Second Circuit has counseled that, "[i]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."  *Id.*  (quoting *Castellano v. Bd. of Trustees*, 937 F.2d 752, 758 (2d Cir. 1991)).  Neither party objected to Judge Netburn's conclusions that Plaintiff Gilbert Velez's FLSA claims are adequately pleaded.  Since the federal claims that justify the exercise of supplemental jurisdiction survive, there exists no basis under § 1367(c)(3) to dismiss Plaintiff Gabriel Velez's state law claims.

The cases that Defendants rely on to justify declining to exercise jurisdiction over Plaintiff Gabriel Velez's state law claims under § 1367(c)(3) do not support dismissing a plaintiff's state law claims at the motion to dismiss stage when federal claims survive.  As Judge Netburn correctly pointed out, in each case Defendants cite in their moving brief, the court dismissed state law claims after *all* federal claims had been dismissed.  R&R at 7.  In their objections, Defendants rely solely on *Camara v. Kenner*, where the court dismissed some plaintiffs' state law claims where other plaintiffs' federal law claims survived.  2018 WL 1596195, at *16.  *Camara* is distinguishable.  The court there was deciding a motion for summary judgment and had a full record of undisputed facts which it

could evaluate and conclude that the dismissed plaintiffs' state law claims and the surviving plaintiffs' claims required "sufficiently distinct" proof. *Id.* at *2–3, *6, *16. The Court has no such record here. And on a motion to dismiss, the Court must draw all reasonable factual inferences in Plaintiffs' favor. *Burch*, 551 F.3d at 124. Plaintiffs here plausibly allege that they were subject to centrally managed polices. *See, e.g.*, SAC ¶ 48 ("MedRite LLC applies the same employment policies, practices, and procedures to all Hourly Workers in its operation, including policies, practices, and procedures with respect to payment of wages"); *id.* ¶ 6 (alleging that Plaintiffs were directed to supervisors when they raised pay issues). Therefore, the Court cannot conclude at this stage that the proof to establish each Plaintiffs' claims will be "sufficiently distinct" such that the Court should decline to exercise jurisdiction. Accordingly, the Court denies Defendants' motion to dismiss Plaintiff Gabriel Velez's state law claims for lack of subject matter jurisdiction.

### iv. Extinguishing Plaintiffs' Ability to Pursue an NYLL Class and an FLSA Collective Prior to Discovery is Premature

Defendants have not met their burden to justify foreclosing Plaintiffs' ability to proceed on behalf of a putative NYLL class and a putative FLSA collective prior to discovery. The FLSA and Rule 23 provide for different mechanisms by which a plaintiff can pursue relief on behalf of other similarly situated parties. *Myers v. Hertz Corp.,* 624 F.3d 537, 542 (2d Cir. 2010) ("Unlike in traditional 'class actions' maintainable pursuant to Federal Rule of Civil Procedure 23, plaintiffs in FLSA representative actions must affirmatively 'opt in' to be part of the class and to be bound by any judgment." (citation omitted)). For the reasons stated below, the Court will defer any decision on whether to permit Plaintiffs to proceed on behalf of a putative NYLL class and a putative FLSA collective until later in the litigation.

Defendants have not demonstrated that it will be impossible for Plaintiffs to successfully move for class certification following discovery.[6]  To prevail on a motion to strike, Defendants must demonstrate that—on the face of the complaint—it would be impossible to certify the alleged class. *Vellon*, 2023 WL 6394228, at *5.  Defendants argue that the Court should strike the class allegations because Plaintiffs have pleaded their causes of action on an individualized basis.  Defs.' Objections at 17.  To the extent that this bears on the requirements to certify a class, Defendants argument is that Plaintiffs cannot satisfy the commonality and predominance requirements for Plaintiffs' alleged class.  *See Zachary v. BG Retail, LLC*, 716 F. Supp. 3d 339, 351–52 (S.D.N.Y. 2024) ("[W]hether a particular employee is a manual worker because physical tasks comprise at least twenty-five percent of their duties bears on whether the putative class satisfies the commonality and predominance requirements of Rule 23.").  Here, Plaintiffs have alleged a class of workers who "work or have worked as Hourly Workers for Defendants in New York between August 26, 2017 and the date of final judgment in this matter."  SAC ¶ 75.  Plaintiffs allege that other employees' employment experiences mirrored theirs.  *See, e.g.,* SAC ¶¶ 91–93, 111–13 (listing manual tasks among the job duties in published job advertisements for the position held by Plaintiffs and alleging that Plaintiffs spent more than twenty-five percent of their daily job duties performing "these physical tasks"); *id.* ¶¶ 6, 8, 10 (identifying examples of common policies).  "[I]t is not inappropriate, at the pleading stage, for [plaintiffs] to extrapolate the existence [of] a more generalized policy from the experiences" of two individual plaintiffs.  *Vellon*, 2023 WL 6394228, at *6.  On the face of the complaint, the Court cannot conclude that it will be impossible for Plaintiffs to meet the requirements of Rule 23 following discovery.

---

[6] Defendants also move to strike under Rule 12(f), which authorizes a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Defendants do not argue that the standard under 12(f) is any different than the one under Rule 23(d)(1)(D).  Given that Rule 23(d)(1)(D) specifically deals with class allegations, the Court only analyzes the motion under that rule.  *See Talarico*, 367 F. Supp. 3d at 166 n.2.

Defendants' motion to dismiss Plaintiffs' class allegations under Rule 12 is inapposite. "Compliance with the Rule 23 prerequisites theoretically should not be tested by a motion to dismiss for failure to state a claim . . . ."[7] 7B Wright & Miller, Federal Practice and Procedure § 1798 (3d ed.). Rule 23 sets out the standards by which a court can assess whether to allow an action to proceed on a class-wide basis "[a]t an early practicable time." Fed. R. Civ. P. 23(c)(1)(A). Determining whether a plaintiff has stated a claim and whether class treatment is "procedurally proper" are "analytically distinct" inquiries. *Garcia v. Execu|Search Grp., LLC*, No. 17-cv-9401, 2019 WL 689084, at *4 (S.D.N.Y. Feb. 19, 2019). *See also Parisi v. Goldman, Sachs & Co.*, 710 F.3d 483, 488 (2d Cir. 2013) ("'[T]he right of a litigant to employ Rule 23 is a procedural right only, ancillary to the litigation of substantive claims.'" (quoting *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 332 (1980))). A motion to dismiss under Rule 12(b)(6) asks the Court to "test the legal sufficiency of the underlying claims," while a motion to strike under Rule 23 challenges "the propriety of the procedural vehicle of a class action." *Garcia*, 2019 WL 689084, at *3.

Because similar concerns apply to Defendants' motion to dismiss Plaintiffs' collective action allegations, the Court rejects Defendants' effort to foreclose Plaintiffs the right to proceed as a collective under the FLSA prior to discovery in this case. 29 U.S.C. § 216(b). Although the procedural mechanisms under the FLSA and Rule 23 are different, both provisions entitle Plaintiffs to move the Court to seek relief on behalf of others. *See Myers*, 624 F.3d at 542, 555–56. Just as Rule 23 allows a plaintiff to move a court to determine if an action may proceed on a class-wide basis, the Second Circuit has approved a two-step method to determine if opt-in plaintiffs are "similarly situated," the first of which allows a plaintiff to request that a court send notice to

---

[7] The only case Defendants cite from this Circuit where a Court applied the Rule 12 standard to class "claims" is a Magistrate Judge's report and recommendation, the relevant portion of which was not adopted by the District Judge. *Compare Sampson v. MediSys Health Network, Inc.*, No. 10-cv-1342, 2012 WL 3027850, at *16–17 (E.D.N.Y. Feb. 9, 2012) (recommending dismissal of class and collective claims), *with Sampson v. MediSys Health Network, Inc.*, No. 10-cv-1342, 2012 WL 3027838, at *11–12 (E.D.N.Y. July 24, 2012) ("defer[ring] a decision on the issue of certification until a later date" despite sharing the Magistrate Judge's "concerns about plaintiffs' collective/class action allegations.").

potential opt-in plaintiffs. *Id.* at 555. Judge Netburn was correct to recommend that the Court defer any decision on Plaintiffs' ability to proceed on behalf of others similarly situated in this case until Plaintiffs have had the opportunity to request collective certification "'on a properly briefed and supported motion.'" R&R at 22 (quoting *Hughes v. Getronics Wang LLC*, No. 07-cv-10356, 2008 WL 2778885, at *1 (S.D.N.Y. July 8, 2008)). Thus, the Court denies Defendants' effort to extinguish Plaintiffs' ability to proceed as a collective under the FLSA at this stage of the case. Accordingly, the Court denies Defendants' motion to dismiss or strike the class and collective allegations.

## V.    CONCLUSION

For the foregoing reasons, the Court adopts the R&R's recommendations in large part. Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. Defendants' motion to dismiss is denied with respect to Plaintiff Gilbert Velez's FLSA claims and both Plaintiffs' NYLL claims (with the exception of Plaintiff Gabriel Velez's overtime claim under the NYLL as described below), as is their motion to strike or dismiss the collective and class action allegations. The Court grants Defendants' motion to dismiss Plaintiff Gabriel Velez's minimum wage and overtime claims under the FLSA and the NYLL but does so without prejudice. Defendants' remaining motions are DENIED.

Plaintiff Gabriel Velez is granted leave to file an amended complaint to correct the deficiencies identified with respect to Plaintiff Gabriel Velez's minimum wage and overtime claims. Any amended complaint must be filed no later than fourteen days after the entry of this order.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 36.

SO ORDERED.

Dated:  September 15, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge